UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Courtney M. Bates | : Chapter 13 |
| Debtor | : Bky. No. 19-13175-MDC |

**Motion for Contempt**
**Finding Against IC Systems, Inc. Under 11 U.S.C. §362(k)**

1. The debtors filed this case May 15, 2019..

2. The debtor listed on her Schedule E/F the respondents, IC Systems, Inc. (creditor 4.3) ("IC").

3. On 2/21/21, IC wrote to the debtor demanding payment of a debt for which they were collecting.

4. The debtor believes and therefore avers that IC called her phone in a attempt to collect that debt several times.

5. On March 15, 2021, counsel wrote to IC demanding that it cease and desist collection activity and reminding it of the bankruptcy filing. A copy of the letter is attached hereto as Exhibit "A".

6. IC had been previously warned of the bankruptcy filing by this court's notification system.

7. IC disregarded the letter from counsel and continued to dun the debtor with at least one further collection letter.

8. IC had actual knowledge of the bankruptcy proceeding and of the automatic stay.

9. The automatic stay imposes a specific and definite injunction that is equivalent of a court order.

10. Given the court's notice and counsel's letter IC violated specific and definite court order, i.e. the automatic stay, and had knowledge of the order sufficient to put it on notice of the proscribed conduct.

11. The Court of Appeals has determined that non-pecuniary emotional harm constitutes "actual damages" within the meaning of 11 U.S.C. §362(k). See, In re Lansaw,

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
t: 610.565.6660
f: 610.565.1912
lrubin@pennlawyer.com

853 F.3d 657, 667-68 (3d Cir. 2017).

12. The debtor suffered emotional harm by being harassed with collection letters and phone calls, disrupting her family life.

13. Given the actual knowledge of the bankruptcy filing, the actions of respondents are intentional and deliberate and the debtor is entitled to damages under 11 U.S.C. 362(k), as well counsel fees.

WHEREFORE, the debtor requests the court enter an order:

a. Finding IC to be in contempt of court;

b. Awarding damages to the debtor, including the lost funds and bank charges, if any

c. Awarding such other damages as may be proved at the hearing on this motion;

d. Awarding reasonable counsel fees.

**s/Lawrence S. Rubin, Esquire**
Lawrence S. Rubin, Esquire
Attorney for Debtor
337 West State Street
Media, PA 19063
(610) 565-6660

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
t: 610.565.6660
f: 610.565.1912
lrubin@pennlawyer.com